IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

RODNEY P. MAZZULLA,

Defendants.

4:17CR3089

ORDER

Defendant has moved to continue the pretrial motion deadline and trial, (Filing Nos. 50 and 52), because Defendant has new counsel who needs additional time to review this case and confer with the defendant before deciding if pretrial motions should be filed. The motions to continue are unopposed. While the court is not convinced a change in counsel entitles Defendant to another opportunity and deadline for filing pretrial motions, in the interest of avoiding future litigation over alleged overlooked defenses and arguments, the court will grant Defendant's motions.

Defendant has also moved for the court to limit the scope of the findings and recommendation entered yesterday, (Filing No. 49), for failure to address Defendant's argument regarding the scope of the search conducted. (Filing No. 51). Defendant's argument is correct, and due to an oversight, the court did not specifically address whether the warrant to search the Folsom Street garage "lacked the requisite particularity to extend to his camper," and thus "the search of his camper was warrantless and unconstitutional." (Filing No. 39, ¶9). Defendant argues he is entitled to an evidentiary hearing on this issue.

The April 2, 2017 warrant affidavit advised the county court judge that Defendant was believed to live in the Folsom Street garage. And "when a warrant 'specifically mentions' certain structures, it 'authorizes a search of these structures and, by implication, any other vehicles, structures, or property not noticeably separate from them.'" United States v. Pennington, 287 F.3d 739, 744-745 (8th Cir. 2002)(quoting United States v. Schroeder, 129 F.3d 439, 441-42 (8th Cir. 1997)). In light of this binding Eighth Circuit law, which was not addressed in Defendant's prior brief, I question whether an evidentiary hearing is necessary on the issue of whether the officers exceeded the scope of the warrant by searching an RV parked within the Folsom Street garage. However, I will permit Defendant to additionally brief that specific issue.

Finally, based on the warrants identified by exhibit number in Defendant's briefing, the court believed Defendant was challenging the warrants filed of record as exhibits 1 and 2. (See Filing No. 40 at CM/ECF p. 3, n. 2 & p. 4). But upon reading Defendant's current filings, perhaps Defendant is not challenging the exhibit 2 warrant application signed on April 22, 2017, but rather the second warrant to search the Folsom Street garage (dated April 22, 2017) which was filed of record as Defendant's evidence in support of his Franks challenge. (See Filing No. 41-4 at CM/ECF p. 28-34). Defendant will be permitted to clarify this issue as well through further briefing. While awaiting that briefing, the court's findings and recommendation will be withdrawn.

Finally,

IT IS ORDERED:

1) Defendant's motion, (Filing No. 51), is granted, and pending further briefing as described in this order, the findings and recommendation filed on October 24, 2017, (Filing No. 49), is withdraw.

2) Defendant's motions to continue, (Filing Nos. 50 and 52), are granted.

3) Pretrial motions and briefs, including the supplemental briefing discussed above (regarding the scope of the search and to clarify which warrants were being challenged in Defendant's prior motion, Filing No. 39), shall be filed on or before November 10, 2017. The government's responsive briefing on both the prior motion, (Filing No. 39), and any new pretrial motions shall be filed with seven days thereafter.

4) Trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on January 16, 2018, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at commencement of trial.

5) The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and January 16, 2018 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 25th day of October, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge