IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3089 |
| vs. | |
| | MEMORANDUM AND ORDER |
| RODNEY P. MAZZULLA, | |
| Defendant. | |

This matter is before the Court on the defendant, Rodney Mazzulla's, Motion to Disclose *Brady/Giglio* Materials[1] (filing 115) and Motion in Limine (filing 124). The government has also filed its own Motion in Limine (filing 129) seeking to exclude evidence related to the defendant's *Brady/Giglio* request. For the reasons discussed below, the defendant's Motion to Disclose and Motion in Limine will be denied, and the government's Motion in Limine will be granted.

BRADY/GIGLIO DISCLOSURES

The defendant claims that the personnel file of the primary investigating officer in this case, Special Agent Gratz, contains potential *Brady/Giglio* information. As such, the defendant moves the Court to review the personnel file *in camera*. Filing 116 at 5. The Court will deny that motion.

---

[1] The Court acknowledges that the defendant frames the information sought primarily as *Brady* disclosures. Filing 116 at 2. But because the defendant's motion, in essence, seeks information relating to Special Agent Gratz's credibility, *see* filing 116 at 2, the Court will assume the defendant's motion also implicates disclosures under *Giglio v. United States*, 405 U.S. 150 (1972).

The Supreme Court's decision in *Brady v. Maryland,* 373 U.S. 83 (1963), requires the government to disclose material, exculpatory evidence to the defendant. This requirement was extended in *Giglio v. United States,* 405 U.S. 150 (1972), which held that "evidence tending to impeach the credibility of prosecution witnesses may be subject to the disclosure requirements of *Brady*." *Pederson v. Fabian,* 491 F.3d 816, 826 (8th Cir. 2007); *see also Blair v. Armontrout,* 916 F.2d 1310, 1338 (8th Cir. 1990). In other words, under *Giglio*, the government must disclose matters that affect the credibility of prosecution witnesses. *United States v. Beckman,* 787 F.3d 466, 492 (8th Cir.), *reh'g denied* (June 17, 2015), *cert. denied,* 136 S. Ct. 160 (2015).

Generally speaking, it is the government's duty to determine what evidence in its possession is subject to *Brady/Giglio* disclosures. *United States v. Pou,* 953 F.2d 363, 366 (8th Cir. 1992); *see also United States v. Presser,* 844 F.2d 1275, 1281 (6th Cir. 1988). After all, if the government fails to disclose relevant material, "it acts at its own peril." *Presser,* 844 F.2d at 1281.

Here the government has represented that it conducted a review of Special Agent Gratz's personnel file, and determined that it does not contain relevant *Giglio* information. Filing 126 at 2. Despite this representation, the defendant maintains that the personnel file may contain impeachment material. Filing 116 at 3. In support of that assertion, however, the defendant has provided the Court with no meaningful evidence as to why the government's representation remains inadequate. Instead, the defendant's motion rests on "mere speculation" surrounding the contents of the file. Filing 116 at 5. But that speculation does not compel the Court to conduct an *in camera* review. *See United States v. Van Brocklin,* 115 F.3d 587, 594 (8th Cir. 1997); *see also Pou,* 953 F.2d at 366. And absent a colorable showing that the

file contained relevant *Giglio* material or allegations that the government has somehow acted in bad faith, the defendant's motion to disclose will be denied. *See United States v. Willis,* 89 F.3d 1371, 1381 n.6 (8th Cir. 1996).

## THE DEFENDANT'S MOTION IN LIMINE

Next, the defendant's Motion in Limine seeks to exclude evidence of several cooperating witnesses expected to testify that they "became aware of" or "learned" that the defendant was selling methamphetamine. Filing 125 at 1. The defendant argues that these statements are out-of-court statements excluded by the rule against hearsay, irrelevant, immaterial, cumulative, or lack adequate foundation. Filing 124 at 2.

To the extent any of these statements constitute "co-conspirator" statements made in the course of and in furtherance of the alleged conspiracy, the Court will follow the procedure set forth in *United States v. Bell,* 573 F.2d 1040, 1044 (8th Cir. 1978). And to the extent the statements warrant other objections relating to hearsay, relevance, materiality, or adequate foundation, the defendant may raise those objections at trial. But for now, the defendant's motion will be overruled without prejudice to reasserting his objections at trial.

## THE GOVERNMENT'S MOTION IN LIMINE

As a final matter, the government's Motion in Limine seeks to exclude testimony or argument suggesting that Special Agent Gratz left his employment at the Lincoln Police Department as a result of various accusations of misconduct. Filing 129 at 1. In particular, the government moves to exclude evidence of the allegations made against Special Agent Gratz in two federal civil cases: Nos. 4:17-cv-3051 and 4:16-cv-3056. Filing 129 at 1. That motion will be sustained: the allegations are not relevant to

3

what the Court understands to be Gratz's expected testimony in this case, nor is evidence of those allegations consistent with Fed. R. Evid. 608.

The Court's ruling does not, however, preclude the defendant from questioning Special Agent Gratz on cross-examination about specific bad acts *if* those acts are probative of Gratz's character for truthfulness. *See* Rule 608(b). For instance, the defendant may inquire as to whether Special Agent Gratz was disciplined—or fired—as a result of lying on an affidavit, but may not question Special Agent Gratz concerning whether he was accused of having sexual relations with his confidential informant. And whatever 608(b) questioning is permitted will require the defendant to "take [Officer Gratz's] answer," because the Court will not allow the defendant to introduce extrinsic evidence of specific bad acts absent a showing of materiality or bias. *See United States v. Martz,* 964 F.2d 787, 789 (8th Cir. 1992).

IT IS ORDERED:

1. The defendant's Motion to Disclose (filing 115) is denied.

2. The defendant's Motion in Limine (filing 124) is denied without prejudice.

3. The government's Motion in Limine (filing 126) is granted.

Dated this 14th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge

4