IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3089 |
| vs. | |
| RODNEY P. MAZZULLA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report ("RPSR") in this case. There are no motions for departure or variance. The defendant has objected (filing 160) to the RPSR.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant does, however, raise several objections to the RPSR.

> (a) First, the defendant objects to the drug quantity attributed to the defendant in the RPSR. Filing 160 at 1. Specifically, the defendant contends that the sentencing guidelines improperly treat pure methamphetamine "more harshly" than mixed methamphetamine. Filing 160 at 1 (citing *United States v. Nawanna*, No. CR 17-4019-MWB, 2018 WL 2021350, at *5 (N.D. Iowa May 1, 2018)). But complaining that the Guidelines are unfair isn't a proper objection to the RPSR, because the defendant isn't saying that the Guidelines calculation in the RPSR is incorrect.

The Court could *vary* from the Guidelines based upon policy grounds. *See United States v. Abraham*, 944 F. Supp. 2d 723, 727-28 (D. Neb. 2013) (citing *United States v. Kimbrough*, 552 U.S. 85, 109 (2007)). But the undersigned has repeatedly refused to reject the methamphetamine guideline, despite being invited to do so. *See United States v. Munoz-Ramon*, No. 8:13-CR-244 (D. Neb. Sept. 17 and Nov. 24, 2014), *aff'd*, 614 F. App'x 857 (8th Cir.), cert. denied, 136 S. Ct. 700 (2015); *see also*, *United States v. Carlos*, No. 4:14-CR-3109 (D. Neb. July 21, 2015); *United States v. Gallegos Loaiza*, No. 4:13-CR-3130 (D. Neb. July 8, 2015). The Court will apply U.S.S.G. § 2D1.1 at sentencing.

(b) Next, the defendant objects to the RPSR arguing that the two-level enhancement to the offense conduct required by U.S.S.G. § 2D1.1(b)(1) should not be applied to his case. Specifically, the defendant argues that the evidence at trial was insufficient to establish that a "firearm or dangerous weapon" was present when he committed the underlying offenses. Filing 160 at 1. The defendant also claims that even if a firearm or dangerous weapon was present, there was not sufficient evidence presented at trial to establish a connection between the weapon and the illegal drug activity. Filing 160 at 1.

Under § 2D1.1(b)(1), a defendant's offense level increases by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The increase applies "if the weapon was present,

- 3 -

unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1), cmt. n.11(A). The Court will resolve this issue at sentencing based on the evidence adduced at trial and any additional evidence proffered at sentencing.

(c) The defendant also argues that the two-level enhancement to the offense conduct required under U.S.S.G. § 3C1.1 does not apply to his case. In particular, the defendant claims the enhancement is not appropriate because he made "no threats to any of the witnesses who testified against him [at trial]." Filing 160 at 2.

Under § 3C1.1, a defendant's offense level increases by two levels if " (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of instant offense of conviction, and (2) the obstructive conduct related to (a) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense . . . ." More specifically, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly" is the type of conduct warranting the two-level enhancement. § 3C1.1, cmt. N. 4(A)

Application of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement.

> *United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016), cert. denied, 137 S. Ct. 687 (2017). If the defendant objects to the factual basis for a sentencing enhancement, and the government fails to present evidence to prove that factual basis by a preponderance of the evidence, it is error to apply the enhancement. *Id.* The Court will resolve this matter at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 16th day of July, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge