IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RODNEY P. MAZZULLA,

Defendant.

4:17-CR-3089

ORDER

This matter is before the Court on the defendant's motion for return of property. Filing 254. That motion will be denied.

Under Fed. R. Crim. P. 41(g), a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return in the district where the property was seized. And when a criminal proceeding is completed, the government has a *duty* to return property in its custody to the rightful owner, unless it is subject to forfeiture. *United States v. Fonseca*, 790 F.3d 852, 855 (8th Cir. 2015). But to succeed on his motion, the defendant must show that he is entitled to lawfully possess the seized property at issue, and that the Government has or had the property. *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020).

The defendant met his burden of showing his lawful entitlement to the property, because it was seized from him. *See Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). And the property—or at least some of it—was in the federal government's possession for purposes of trial. *See* filing 148. But the government says—and the defendant has presented no evidence to dispute—that the property was returned to the City of Lincoln police who initially seized it, and the City of Lincoln has disposed of it. *See* filing 256.

The uncontested record—indeed, the defendant's own brief, *see* filing 254 at 1—shows that the Lincoln police seized his property for reasons unrelated to any subsequent federal prosecution. *See Howard,* 973 F.3d at 895. And it's obvious that the United States can't return property it doesn't have. *United States v. White,* 718 F.2d 260, 261 (8th Cir. 1983). Nor is there any evidence that the United States was involved in the disposition of the property or benefitted from it. *See United States v. Ruelas-Lugo,* No. 4:14-CR-3104, 2018 WL 6730924, at *3 (D. Neb. Nov. 5, 2018), *report and recommendation adopted,* 2018 WL 6727529 (D. Neb. Dec. 21, 2018).[1] Accordingly,

IT IS ORDERED that the defendant's motion for return of property (filing 254) is denied.

Dated this 15th day of December, 2023.

BY THE COURT:

*[signature]*

John M. Gerrard
Senior United States District Judge

---

[1] It appears to this Court that the defendant's remedy, if any, lies in the state court where he says charges against him were originally filed. Filing 254 at 1. Under Nebraska law, the court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition. *State v. McGuire,* 301 Neb. 895, 903 (2018) (citing Neb. Rev. Stat. § 29-820). And, the Court notes, in Nebraska, the government's disposition or destruction of property does not moot a motion for return of the property. *State v. Agee,* 741 N.W.2d 161, 168 (Neb. 2007).